UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TASHUN HARDY | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Judge |
| vs. | ) | |
| | ) | Magistrate Judge |
| OFFICER MALCOLM J. BROGSDALE, Star No. 5508; | ) | |
| OFFICER REBECCA C. GIERUT, Star No. 4985; | ) | |
| OFFICER JEFFREY J. CEPEDA, Star No. 13354; | ) | |
| SARGENT JEREMY SIKORSKI, Star No. 2026; and | ) | |
| CITY OF CHICAGO | ) | |
| | ) | Trial By Jury Demanded |
| Defendants. | ) | |

COMPLAINT AT LAW

NOW COMES the Plaintiff, Mr. Tashun Hardy, by and through his attorney, David S. Lipschultz, and in support of his Complaint at Law against the Defendants Officer Malcolm J. Brogsdale, Star No. 5508; Officer Rebecca C. Gierut, Star No. 4985; Officer Jeffrey J. Cepeda, Star No. 13354; Sargent Jeremy Sikorski, Star No. 2026; And City Of Chicago states as follows:

JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution, 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

1

## PARTIES

4. Plaintiff Tashun Hardy ("Mr. Hardy") is a resident of the City of Chicago, County of Cook, State of Illinois.

5. At all relevant times herein referenced, Defendant Officer Malcolm J. Brogsdale, Star No. 5508 ("Officer Brogsdale"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Brogsdale was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6. At all relevant times herein referenced, Defendant Officer Rebecca C. Gierut, Star No. 4985 ("Officer Gierut"), was employed by the City of Chicago as a sworn police officer. She is sued in her individual capacity. At the time of the incidents at issue in this Complaint, Officer Gierut was engaged in the conduct complained of while acting within the scope of her employment and under color of law.

7. At all relevant times herein referenced, Officer Jeffrey J. Cepeda, Star No. 13354 ("Officer Cepeda"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Cepeda was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

8. At all relevant times herein referenced, Sargent Jeremy Sikorski, Star No. 2026 ("Sargent Sikorski"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Sikorski was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

9. At all relevant times herein referenced, Defendant, City of Chicago, was and remains a governmental entity formed pursuant to the laws of the State of Illinois. Officer Brogsdale, Officer Gierut, Officer Cepeda and Sargent Sikorski ("Defendant Officers") were employed by City of Chicago as sworn police officers, and at the time of the incident at issue were acting within the scope of their employment for City of Chicago and under color of law.

ALLEGATIONS OF FACT

10. Plaintiff complains about an incident involving the Defendants which took place on September 7, 2021, at approximately 11:40 a.m., at or near 6117 South Langley Avenue, in Chicago, Illinois.

11. Mr. Hardy resided at that residence. At this time, Mr. Hardy was home with his friend, who was visiting Mr. Hardy.

12. Next, the friend left Mr. Hardy's house. As the friend passed through the metal gate in front of Mr. Hardy's residence, the four Defendant Officers approached and took custody of the friend.

13. Mr. Hardy exited the front of his residence in shock. He began to video-record this encounteer – and asked what was happening.

14. Officer Cepeda threw Mr. Hardy to the ground.

15. Mr. Hardy's hand was badly injured by the force of Officer Cepeda's throw.

16. Next, Officer Cepeda then pulled Mr. Hardy off the ground and shoved him against the side of a car.

17. Mr. Hardy asked what cause Defendant Officers had to detain him. Defendant Officers did not provide any reason to detain him.

18. Mr. Hardy did not resist or fight back at any time during the interaction.

19. Defendant Officers handcuffed and arrested Mr. Hardy.

20. Mr. Hardy, upon seeing his injured hand, told Defendant Officers that he thought it was broken. Defendant Officers mocked Mr. Hardy and asked him if he thought he was a doctor.

21. Defendant Officers did not render medical care on the scene or offer to transport Mr. Hardy to a hospital.

22. Defendant Officers transported Mr. Hardy to the lock up at Chicago's Police 3rd District police station.

23. At the station, Mr. Hardy again told Defendant Officers that his hand was injured and asked to be taken to a hospital. He showed Defendant Officers his hand which was still swollen, bleeding and disfigured, hours after the incident to a hospital.

24. A higher-ranking police officer also laughed at and mocked Mr. Hardy and told him that he would not receive medical care until he answered a series of questions.

25. When Mr. Hardy was finally transported to a hospital, he was taken to South Shore Hospital against his expressly stated wishes.

26. Mr. Hardy explained to the Defendant Officers that South Shore did not have an orthopedic surgery department which could have provided the care Mr. Hardy needed.

27. After approximately four hours, South Shore Hospital staff informed Defendant Officers that Mr. Hardy's hand was broken, and they would not be able to treat that injury there.

28. Mr. Hardy was then transported to the University of Chicago Medical Center to receive care for his broken hand.

29. Next, officers transported Mr. Hardy back to the police station.

30. The Defendants' actions against Mr. Hardy caused him physical and emotional injuries, pain and suffering, medical treatment and bills, constitutional violations, loss of liberty, lost wages, other economic losses, other burdens and expenses.

31. Mr. Hardy brings this suit to seek redress for the wrongs the Defendant Officers committed against him.

## COUNT I
## 42 U.S.C. § 1983 FALSE ARREST, UNLAWFUL SEARCH & SEIZURE
## AGAINST OFFICERS GIERUT, CEPEDA, BROGSDALE AND SARGENT SIKORSKI

32. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 31.

33. Defendant Officers did not have probable cause to search and seize the Plaintiff.

34. Defendant Officers did not have probable cause to arrest the Plaintiff.

35. The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

36. The Plaintiff suffered damages.

WHEREFORE, the Plaintiff, Tashun Hardy, prays for judgment against Officers Gierut, Cepeda, Brogsdale, and Sargent Sikorski for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT II
## 42 U.S.C. § 1983 EXCESSIVE FORCE
## AGAINST OFFICER CEPEDA

37. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 31.

38. The force used by Officer Cepeda against the Plaintiff constituted excessive force

in violation of the Plaintiff's Fourth Amendment Rights of the U.S. Constitution and 42 U.S.C. §1983.

39. The force used by Officer Cepeda against the Plaintiff was objectively unreasonable and excessive, and was undertaken intentionally, with malice, and with reckless indifference to the Plaintiff's constitutional rights.

40. As a direct and proximate result of Officer Cepeda's unjustified and excessive use of force, the Plaintiff suffered injuries including, but not limited to, physical injuries, pain and suffering, emotional anguish, and monetary loss and expenses.

WHEREFORE, the Plaintiff, Tashun Hardy, prays for judgment against Officer Cepeda for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

<u>COUNT III</u>
<u>42 U.S.C. § 1983 FOURTEENTH AMENDMENT DENIAL OF MEDICAL CARE AGAINST OFFICERS GIERUT, CEPEDA, BROGSDALE AND SARGENT SIKORSKI</u>

41. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 31.

42. Plaintiff was experiencing a serious medical need for the duration of his detention in the district lock up.

43. Plaintiff informed Defendant Officers of his serious medical need.

44. Any reasonable person could have observed that Mr. Hardy's hand was badly injured and required immediate medical attention.

45. Despite this, Defendant Officers acted with deliberate indifference towards Plaintiff's injuries and denied him access to medical care for multiple hours.

46. The actions of the Defendant Officers violated the Plaintiff's Fourteenth

Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

47. The Plaintiff suffered damages.

WHEREFORE, the Plaintiff, Tashun Hardy, prays for judgment against Officers Gierut, Cepeda, Brogsdale, and Sargent Sikorski for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

<div style="text-align:center">

COUNT VI
ILLINOIS LAW CLAIM - INDEMNIFICATION
AGAINST CITY OF CHICAGO

</div>

48. The Plaintiff re-allege and incorporate herein the allegations of paragraphs 1 through 47.

49. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

50. At all times relevant to this incident, Defendants, Officer Gierut, Officer Cepeda, Officer Brogsdale, and Sargent Sikorski were employees of the City of Chicago, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiff prays that should this Court enter judgment in their favor and against Officers Cepeda, Brogsdale, Geirut, and Sargent Sikorski, the City of Chicago will be ordered to pay the Plaintiff any judgment for compensatory damages obtained against those Defendants.

JURY DEMAND

Plaintiff prays for trial by jury.

                                      Respectfully submitted,

                                      Tashun Hardy


                                      */s/* David S. Lipschultz
                                      David S. Lipschultz

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com