IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TASHUN HARDY | ) | |
| | ) | 22 C 4306 |
| Plaintiff, | ) | |
| | ) | Judge Manish S. Shah |
| v. | ) | |
| | ) | Magistrate Jeffrey T. Gilbert |
| OFFICER MALCOLM J. BROGSDALE, Star No. 5508; | ) | |
| OFFICER REBECCA C. GIERUT, Star No. 4985; | ) | |
| OFFICER JEFFREY J. CEPEDA, Star No. 13354; | ) | |
| SARGENT JEREMY SIKORSKI, Star No. 2026; | ) | |
| and CITY OF CHICAGO | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANTS BROGSDALE, GIERUT, CEPEDA, SIKORSKI AND CITY TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendants Malcolm Brogsdale, Rebecca Gierut, Jeffrey Cepeda, Jeremy Sikorski (collectively "Defendant Officers") and Defendant City of Chicago ("Defendant City") (collectively "Defendants") submit their Answer to Plaintiffs' Complaint, their affirmative defenses and jury demand:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the United States Constitution, 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

**ANSWER: Defendants admit this lawsuit is brought pursuant to United States Constitution, 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois but deny any deprivations of Plaintiff's civil rights and deny any wrongdoing or misconduct.**

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

**ANSWER: Defendants admit jurisdiction is proper.**

1

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

**ANSWER: Defendants admit that venue is proper but deny any wrongdoing or misconduct.**

## PARTIES

4. Plaintiff Tashun Hardy ("Mr. Hardy") is a resident of the City of Chicago, County of Cook, State of Illinois.

**ANSWER: Defendants admit upon information and belief.**

5. At all relevant times herein referenced, Defendant Officer Malcolm J. Brogsdale, Star No. 5508 ("Officer Brogsdale"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Brogsdale was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

**ANSWER: Defendants admit the allegations of this paragraph but deny any wrongdoing or misconduct.**

6. At all relevant times herein referenced, Defendant Officer Rebecca C. Gierut, Star No. 4985 ("Officer Gierut"), was employed by the City of Chicago as a sworn police officer. She is sued in her individual capacity. At the time of the incidents at issue in this Complaint, Officer Gierut was engaged in the conduct complained of while acting within the scope of her employment and under color of law.

**ANSWER: Defendants admit the allegations of this paragraph but deny any wrongdoing or misconduct.**

7. At all relevant times herein referenced, Officer Jeffrey J. Cepeda, Star No. 13354 ("Officer Cepeda"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Cepeda was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

**ANSWER: Defendants admit the allegations of this paragraph but deny any wrongdoing or misconduct.**

8. At all relevant times herein referenced, Sargent Jeremy Sikorski, Star No. 2026 ("Sargent Sikorski"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Sikorski was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

**ANSWER: Defendants admit the allegations of this paragraph but deny any wrongdoing or misconduct.**

9. At all relevant times herein referenced, Defendant, City of Chicago, was and remains a governmental entity formed pursuant to the laws of the State of Illinois. Officer Brogsdale, Officer Gierut, Officer Cepeda and Sargent Sikorski ("Defendant Officers") were employed by City of Chicago as sworn police officers, and at the time of the incident at issue were acting within the scope of their employment for City of Chicago and under color of law.

**ANSWER: Defendants admit the allegations of this paragraph but deny any wrongdoing or misconduct.**

## ALLEGATIONS OF FACT

10. Plaintiff complains about an incident involving the Defendants which took place on September 7, 2021, at approximately 11:40 a.m., at or near 6117 South Langley Avenue, in Chicago, Illinois.

**ANSWER: Defendants admit the allegations of this paragraph.**

11. Mr. Hardy resided at that residence. At this time, Mr. Hardy was home with his friend, who was visiting Mr. Hardy.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

12. Next, the friend left Mr. Hardy's house. As the friend passed through the metal gate in front of Mr. Hardy's residence, the four Defendant Officers approached and took custody of the friend.

**ANSWER: Defendants deny the allegations of this paragraph.**

13. Mr. Hardy exited the front of his residence in shock. He began to video-record this encounter – and asked what was happening.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

14. Officer Cepeda threw Mr. Hardy to the ground.

**ANSWER: Defendants Gierut and Sikorski lack knowledge or information sufficient to admit or deny the allegations of this paragraph. Defendants City, Cepeda and Brogsdale deny the allegations of this paragraph.**

15. Mr. Hardy's hand was badly injured by the force of Officer Cepeda's throw.

**ANSWER: Defendants City, Cepeda and Brogsdale deny the allegations of this paragraph. Defendants Gierut and Sikorski deny the allegations of this paragraph upon information and belief.**

16. Next, Officer Cepeda then pulled Mr. Hardy off the ground and shoved him against the side of a car.

**ANSWER: Defendants City, Cepeda and Brogsdale deny the allegations of this paragraph. Defendants Gierut and Sikorski lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

17. Mr. Hardy asked what cause Defendant Officers had to detain him. Defendant Officers did not provide any reason to detain him.

**ANSWER: Defendants deny this is a true and accurate description of the events at issue and therefore deny the allegations of this paragraph.**

18. Mr. Hardy did not resist or fight back at any time during the interaction

**ANSWER: Defendants deny the allegations of this paragraph.**

19. Defendant Officers handcuffed and arrested Mr. Hardy.

**ANSWER: Defendant Cepeda and Gierut admit the allegations of this paragraph. Defendant City admits Defendants Cepeda and Gierut handcuffed and arrested Plaintiff and denies that Defendants Brogsdale and Sikorski handcuffed Plaintiff. Defendants Brogsdale and Sikorski deny the allegations of this paragraph.**

20. Mr. Hardy, upon seeing his injured hand, told Defendant Officers that he thought it was broken. Defendant Officers mocked Mr. Hardy and asked him if he thought he was a doctor.

**ANSWER: Defendant Officers deny the allegations of this paragraph as it relates to their own individual conduct and lack knowledge and information sufficient to admit or deny this allegation as it relates to the conduct of the other Defendant Officers. Defendant City denies the allegations of this paragraph.**

21. Defendant Officers did not render medical care on the scene or offer to transport Mr. Hardy to a hospital.

**ANSWER: Defendants deny this is a true and accurate description of the events at issue and therefore deny the allegations of this paragraph.**

22. Defendant Officers transported Mr. Hardy to the lock up at Chicago's Police 3rd District police station.

**ANSWER: Defendants deny the allegations of this paragraph.**

23. At the station, Mr. Hardy again told Defendant Officers that his hand was injured and asked to be taken to a hospital. He showed Defendant Officers his hand which was still swollen, bleeding and disfigured, hours after the incident to a hospital.

**ANSWER: Defendant Officers deny the allegations of this paragraph as it relates to their conduct and lack knowledge or information sufficient to admit or deny the allegations as it relates to the conduct of the other Defendant Officers. Defendant City denies the allegations of this paragraph.**

24. A higher-ranking police officer also laughed at and mocked Mr. Hardy and told him that he would not receive medical care until he answered a series of questions.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

25. When Mr. Hardy was finally transported to a hospital, he was taken to South Shore Hospital against his expressly stated wishes.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

26. Mr. Hardy explained to the Defendant Officers that South Shore did not have an orthopedic surgery department which could have provided the care Mr. Hardy needed.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

27. After approximately four hours, South Shore Hospital staff informed Defendant Officers that Mr. Hardy's hand was broken, and they would not be able to treat that injury there.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

28. Mr. Hardy was then transported to the University of Chicago Medical Center to receive care for his broken hand.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

29. Next, officers transported Mr. Hardy back to the police station.

**ANSWER: Defendant Officers lack knowledge or information sufficient to admit or deny the allegations of this paragraph. Defendant City admits the allegations of this paragraph.**

5

30. The Defendants' actions against Mr. Hardy caused him physical and emotional injuries, pain and suffering, medical treatment and bills, constitutional violations, loss of liberty, lost wages, other economic losses, other burdens and expenses.

**ANSWER: Defendants deny the allegations of this paragraph.**

31. Mr. Hardy brings this suit to seek redress for the wrongs the Defendant Officers committed against him.

**ANSWER: Defendants deny that they committed any wrongs against Plaintiff.**

## COUNT I
## 42 U.S.C. § 1983 FALSE ARREST, UNLAWFUL SEARCH & SEIZURE
## AGAINST OFFICERS GIERUT, CEPEDA, BROGSDALE AND SARGENT SIKORSKI

32. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 31.

**ANSWER: Defendant Officers re-allege their answers to paragraphs 1-31 as their answer to this paragraph.**

33. Defendant Officers did not have probable cause to search and seize the Plaintiff.

**ANSWER: Defendant Officers deny the allegations of this paragraph.**

34. Defendant Officers did not have probable cause to arrest the Plaintiff.

**ANSWER: Defendant Officers deny the allegations of this paragraph.**

35. The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER: Defendant Officers deny the allegations of this paragraph.**

36. The Plaintiff suffered damages.

**ANSWER: Defendant Officers deny the allegations of this paragraph.**

## COUNT II
## 42 U.S.C. § 1983 EXCESSIVE FORCE
## AGAINST OFFICER CEPEDA

37. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 31.

**ANSWER: Defendant Cepeda re-alleges his answers to paragraphs 1-31 as his answer to this paragraph.**

38. The force used by Officer Cepeda against the Plaintiff constituted excessive force in violation of the Plaintiff's Fourth Amendment Rights of the U.S. Constitution and 42 U.S.C. §1983.

**ANSWER: Defendant Cepeda denies the allegations of this paragraph.**

39. The force used by Officer Cepeda against the Plaintiff was objectively unreasonable and excessive, and was undertaken intentionally, with malice, and with reckless indifference to the Plaintiff's constitutional rights.

**ANSWER: Defendant Cepeda denies the allegations of this paragraph.**

40. As a direct and proximate result of Officer Cepeda's unjustified and excessive use of force, the Plaintiff suffered injuries including, but not limited to, physical injuries, pain and suffering, emotional anguish, and monetary loss and expenses.

**ANSWER: Defendant Cepeda denies the allegations of this paragraph.**

### COUNT III
### 42 U.S.C. § 1983 FOURTEENTH AMENDMENT DENIAL OF MEDICAL CARE AGAINST OFFICERS GIERUT, CEPEDA, BROGSDALE AND SARGENT SIKORSKI

41. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 31.

**ANSWER: Defendant Officers re-allege their answers to paragraphs 1-31 as their answer to this paragraph.**

42. Plaintiff was experiencing a serious medical need for the duration of his detention in the district lock up.

**ANSWER: Defendant Officers deny the allegations of this paragraph.**

43. Plaintiff informed Defendant Officers of his serious medical need.

**ANSWER: Defendant Officers deny the allegations of this paragraph.**

44. Any reasonable person could have observed that Mr. Hardy's hand was badly injured and required immediate medical attention.

**ANSWER: Defendant Officers deny the allegations of this paragraph.**

45. Despite this, Defendant Officers acted with deliberate indifference towards Plaintiff's injuries and denied him access to medical care for multiple hours.

**ANSWER: Defendant Officers deny the allegations of this paragraph.**

46. The actions of the Defendant Officers violated the Plaintiff's Fourteenth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER: Defendant Officers deny the allegations of this paragraph.**

47. The Plaintiff suffered damages.

**ANSWER: Defendant Officers deny the allegations of this paragraph.**

## COUNT VI
## ILLINOIS LAW CLAIM - INDEMNIFICATION
## AGAINST CITY OF CHICAGO

48. The Plaintiff re-allege and incorporate herein the allegations of paragraphs 1 through 47.

**ANSWER: Defendant City re-alleges its answers to paragraphs 1-47 as their answer to this paragraph. Defendant Officers make no answer to this paragraph as it is not directed at them. To the extent this paragraph is directed at Defendant Officers, Defendant Officers reallege their answer to paragraphs 1-47 as their answer to this paragraph.**

49. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER: Defendant City denies this is a true and accurate statement of the law. Defendant Officers make no answer to this paragraph as it is not directed at them. To the extent this paragraph is directed at Defendant Officers, Defendant Officers deny this is a true and accurate statement of the law.**

50. At all times relevant to this incident, Defendants, Officer Gierut, Officer Cepeda, Officer Brogsdale, and Sargent Sikorski were employees of the City of Chicago, and they acted within the scope of their employment in committing the misconduct described herein.

**ANSWER: Defendant City admits the Defendant Officers were employed by the City of Chicago and acting within the scope of their employment but denies any wrongdoing or misconduct. Defendant Officers make no answer to this paragraph as it is not directed at them. To the extent this paragraph is directed at Defendant Officers, Defendant Officers admit they were so employed but deny any wrongdoing or misconduct.**

## **AFFIRMATIVE DEFENSES**

1. The Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the event alleged in plaintiff's operative Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the defendant officers could have believed his actions to be lawful, in light of clearly established law and the information that the defendant officers possessed. The defendant officers, therefore, are entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 claims.

2. To the extent that plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff had a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

3. Defendants Officers cannot be held liable for plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

4. Defendant officers are absolutely immune from civil liability for their testimony given in judicial proceedings in plaintiff's underlying criminal case. *Briscoe v. LaHue*, 460 U.S. 325, 330-31, 103 S. Ct. 1108, 1113 (1983); *Jurgensen v. Haslinger*, 295 Ill. App. 3d 139, 141-42, 692 N.E.2d 347, 349-50 (3d Dist. 1998).

## **JURY DEMAND**

Defendants hereby demand a trial by jury for all issues so triable.

        Respectfully submitted,


        */s/Michele McGee*
        Assistant Corporation Counsel Supervisor

Michele McGee, Assistant Corporation Counsel Supervisor
Michael Bradtke, Assistant Corporation Counsel
City of Chicago Department of Law
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-8311
(312) 744-6566 (FAX)
Michele.mcgee@cityofchicago.org
6225600

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TASHUN HARDY | ) | |
| | ) | 22 C 4306 |
| Plaintiff, | ) | |
| | ) | Judge Manish S. Shah |
| v. | ) | |
| | ) | Magistrate Jeffrey T. Gilbert |
| OFFICER MALCOLM J. BROGSDALE, Star No. 5508; | ) | |
| OFFICER REBECCA C. GIERUT, Star No. 4985; | ) | |
| OFFICER JEFFREY J. CEPEDA, Star No. 13354; | ) | |
| SARGENT JEREMY SIKORSKI, Star No. 2026; | ) | |
| and CITY OF CHICAGO | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
312-414-1778

**PLEASE TAKE NOTICE** that on this 17th day of October 2022, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 17th day of October 2022.

*/s/Michele McGee*
Assistant Corporation Counsel Supervisor